UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ERIC RITTER**; *and*<br>**SPIROCHAETE RESEARCH LABS LLC,**<br>　　　　　　Plaintiffs,<br><br>　　　　*~ versus ~*<br><br>**TAMARA RUBIN,**<br>**LEAD SAFE MAMA LLC,**<br>　　　　　　Defendants. | Case No. 1:26-**cv-414**<br><br>**ORIGINAL COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT**

COME NOW the Plaintiffs **ERIC RITTER** and **SPIROCHAETE RESEARCH LABS LLC**, by and through undersigned Counsel with their Original Complaint against the Defendants **TAMARA RUBIN** and **LEAD SAFE MAMA LLC**, and respectfully submit as follows:

### I.　PRELIMINARY STATEMENT

1.　Defendants received $90,000.00 from Plaintiffs in return for Defendants' promise to provide one year of advertising on a header banner spot. Defendants failed to provide any of the promised advertising and refused to refund the money to Plaintiffs, despite their contractual obligation to do so.

2.　Defendants received an additional $30,488.00 from Plaintiffs in return for other products/services that the Defendants promised to provide. Defendants also failed to provide those products/services in full and in a manner that the parties' contracted.

1

3. Further, the Plaintiffs have since learned that the Defendants knew at the time that they contracted with Plaintiff that Defendants were not able and not willing to provide the promised advertising and that Defendants would not refund the payments. Further, the Defendants were unjustly enriched by the Plaintiffs.

4. For these reasons and as more fully detailed below, the Plaintiff respectfully seeks judicial intervention in the nature of a Judgment awarding the Plaintiffs the amounts that they were wrongfully induced to pay and for other damages as will be ultimately decided by the Jury.

## II. PARTIES, JURISDICTION AND VENUE

5. At all relevant times, the Plaintiff **ERIC RITTER** ("Ritter") was a natural person resident at and domiciled in at 690 Route 25A, Suite 3, East Setauket in the County of Suffolk in the State of New York.

6. For diversity purposes, Plaintiff Ritter was and is a citizen of the State of New York and not of any other State.

7. At all relevant times Plaintiff **SPIROCHAETE RESEARCH LABS, LLC** ("Spiro") is a limited liability company organized and existing under New York law whose principal place of business is at 690 Route 25A, Suite 3, East Setauket in the County of Suffolk in the State of New York.

8. Spirochaete Research Labs, LLC filed a Certificate of Assumed Name with the New York State Secretary of State as "Scitus Lab Products" and uses the Scitus Lab Products brand in its conduct of business. They are referred to here as "Scitus".

9. For diversity purposes, Plaintiff Scitus was and is a citizen of the State of

New York and not of any other State because all of its members are natural persons who are resident at and domiciled in the State of New York.

10. At all relevant times, the Defendant **TAMARA RUBIN** ("Rubin") is and was resident at and domiciled at 7933 Southeast 15th Avenue, Portland, in the County of Multnomah in the State of Oregon.

11. For diversity purposes, Defendant Rubin was and is a citizen of the State of Oregon and not of any other State.

12. At all relevant times, Defendant **LEAD SAFE MAMA LLC** ("Lead Safe") is a limited liability company organized and existing under Oregon law whose principal place of business is at 7933 Southeast 15th Avenue, Portland, in the County of Multnomah in the State of Oregon.

13. For diversity purposes, Defendant Lead Safe was and is a citizen of the State of Oregon and not of any other State because its members are natural persons who are resident at and domiciled in the State of New York.

14. This court has jurisdiction under 28 U.S.C § 1332 in that the adverse claimants are of diverse citizenship and the amount in controversy exceeds $75,000.00.

15. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claim occurred in this district. Defendants contacted Plaintiffs in New York State and Defendants entered into contracts with Plaintiffs in New York State.

16. Defendants solicited the contracts at issue and promised to deliver products/services to Plaintiffs who are located in New York.

17. Defendants knew that their acts would cause damages to Plaintiffs in New York.

18. Venue is also proper in this court because one or more of the Parties reside in this judicial district.

### III. FIRST CAUSE OF ACTION
### BREACH OF CONTRACT
(Failure to Make $119,500.00 Refund)

19. All prior allegations are incorporated by reference and restated in full here.

20. On or about April 21, 2023, the Plaintiffs and Defendants entered into an agreement styled an "Invoice" that was signed by the Parties and stipulated the terms of their relationship.

21. Annexed as **Exhibit A** and incorporated in full here is a complete, accurate and true copy of the agreement by and between the Parties (the "Contract").

22. The Agreement provided consideration in the nature of a payment by Plaintiffs to Defendants in the amount of $90,000.00. Defendants obligated themselves to provide one year of advertising on a header banner spot of their website.

23. The Agreement also included a provision styled a "Refund Agreement". It provided:

> "Should, at any time on or after November 1, 2023, Advertiser determine their product is not going to meet condition #2 above, Lead Safe Mama, LLC will refund the $90,000 paid with this invoice, at a rate of $10,000 per month (without interest) until the $90,000 is repaid in full. The first $10,000 payment will be made 30 days after written notice is given that the product will not meet this condition."

Agreement at ¶ Refund Agreement (See Exhibit A).

24. The Plaintiffs sent the Defendants $90,0 00.00.

25. Plaintiffs Defendants knowingly and intentionally failed to provide any of the advertising and refuse to refund the money to Plaintiffs despite the contractual obligation to do

4

so.

26. On June 6, 2024 the Plaintiffs notified the Defendants through Counsel that the promised product did not meet condition #2 and demanded a refund.

27. Annexed as **Exhibit B** and incorporated in here by reference is a complete true and accurate copy of the June 6, 2024 that provides the full details of the financial of the relationship and demands a refund.

28. In response to Defendants' acknowledgement of what was owed and a proposed alternative resolution, on June 24, 2024, the Plaintiffs notified the Defendants that they would accept a payment plan over two tranches.

29. Defendants refused to make the refund.

30. As a direct and proximate consequence of the breach of contract described above, the Plaintiffs suffered financial injury in an amount to be determined at trial but in no event less than $90,000.00 as of July 6, 2024 with interest at 9% through the date of entry of Judgment.

### IV.   SECOND CAUSE OF ACTION
### BREACH OF CONTRACT
(Failure to Advertise the "Glowing Test")

31. All prior allegations are incorporated by reference and restated in full here.

32. The Parties' Agreement provided at condition 5:

"If and when the new product [Plaintiffs] has in the prototyping phase (glowing reactive agent product) is approved for production and if at that time it meets Lead Safe Mama, LLC's standards for use by consumers not for loan – as discussed between the parties, Tamara Rubin (and Lead Safe Mama, LLC) agrees to warrant [Plaintiffs] and his company the exclusive right to advertise this type of product on LeadSafeMama.com/Tamararubin.com (specifically agreeing that Lead Safe Mama, LLC will not engage promotion of a comparable product other than the Advertiser for a period of 3 years)."

Agreement at ¶ 5 (See Exhibit A).

5

33. Defendants breached that agreement and did not advertise the product, and otherwise breached this contract term.

34. As a direct and proximate consequence of the breach of contract described above, the Plaintiffs suffered financial injury in an amount to be determined at trial.

## V.  THIRD CAUSE OF ACTION
## BREACH OF CONTRACT
(Breach of Other Commitments by the Defendants)

35. All prior allegations are incorporated by reference and restated in full here.

36. In addition to the Contract referred to above, Plaintiffs and Defendants entered into other contractual agreements, summarized as follows:

> (i.) Plaintiffs paid Defendants $7,500.00 for infographic work;
>
> (ii.) Plaintiffs paid Defendants $13,988.00 for a three video project; *and*
>
> (iii.) Plaintiffs paid Defendants $9,000.00 for sponsorship of a newsletter that Defendants provide to their followers.

37. In total, the Plaintiffs paid the Defendants an additional $30,488.00.

38. Defendants had a contractual obligation to provide the products/services described in the immediately preceding paragraph.

39. Defendants breached the contractual obligations by (a) failing to provide the proposed infographic work in full, (b) only providing one video, and then deleting that video, (c) failing to give Plaintiffs access to the Defendants' newsletter to prove that sponsorship was given to Plaintiffs.

40. As a direct and proximate consequence of the breach of contract described above, the Plaintiffs suffered financial injury in an amount to be determined at trial but in no event

less than $30,488.00 as of July 2024 with interest at 9% through the date of entry of Judgment and such other consequential and other damages as determined at trial.

## VI.  FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT

41. All prior allegations are incorporated by reference and restated in full here.

42. Defendants were enriched by the payments made by Plaintiffs in anticipation of a service which was never provided in the amount of $90,000.00. Defendants were enriched by the additional resources provided by Plaintiffs in the amount of $30,488.00, as set forth in the Second Cause of Action.

43. As a direct and proximate consequence of the unjust enrichment described above, the Plaintiffs suffered financial injury in an amount to be determined at trial but in no event less than $120,488.00 as of July 2024 with interest at 9% through the date of entry of Judgment and such other consequential and other damages as determined at trial.

## VII.  JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

By: *[signature]*

Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004

Phone: (212) 401-6910
bg@gottesmanlegal.com

8

**CERTIFICATE OF SERVICE**

        I hereby certify that on January 23, 2026, simultaneous with the filing of this Submission, a copy of this submission was served on the Docket using the CM/ECF system and a courtesy copy to the e-mail of all Appearing Parties.

RESPECTFULLY SUBMITTED,

By: _____

Baruch S. Gottesman, Esq.