**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Eric Ritter, Spirochaete Research Labs LLC,<br><br>Plaintiffs,<br><br>-v-<br><br>Tamara Rubin, Lead Safe Mama LLC,<br><br>Defendants. | 2:26-cv-00414<br>(NJC) (ARL) |

**ORDER TO SHOW CAUSE**

NUSRAT J. CHOUDHURY, United States District Judge:

Plaintiffs Eric Ritter and Spirochaete Research Labs, LLC ("Spirochaete" and together "Plaintiffs") bring this action against Defendants Tamara Rubin and Lead Safe Mama, LLC (together "Defendants") for breach of contract. (Compl. ¶ 1, ECF No. 1.) The Amended Complaint invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). (*Id.* ¶ 9.) Plaintiffs previously brought this action under case number 2:25-cv-02124 and it was dismissed without prejudice on December 9, 2025, for failure to demonstrate that the Court had jurisdiction under 28 U.S.C. § 1332(a). *Ritter et al v. Rubin et al*, 2:25-cv-02124, ECF No. 24 (holding that Plaintiffs failed to establish the citizenship of Tamara Rubin and Lead Safe Mama, LLC). Plaintiffs bring what appears to be a similar suit in the instant case. For the reasons set forth below, Plaintiffs must show cause by **August 24, 2026**, in writing, with all material facts established by sworn affidavit, why this Court should not dismiss this action for lack of subject matter jurisdiction, without prejudice to refiling in the proper forum.

## LEGAL STANDARDS

This Court has an independent obligation to determine whether subject matter jurisdiction exists over this case. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). If a district court lacks subject matter jurisdiction, it must dismiss the action. *See Doe v. McDonald*, 128 F.4th 379, 384 (2d Cir. 2025); Fed. R. Civ. P. 12(h)(3). "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction," and district courts "may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617–18 (2d Cir. 2019) (quotation marks omitted).

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity among the plaintiffs and defendants and that the amount in controversy exceed $75,000. *See Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020). In determining the citizenship of a party, the following standards apply.

First, "for diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012).

Second, "the citizenship of a limited liability company is determined by the citizenship of each of its members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016). The requirement to establish the citizenship of a limited liability company ("LLC") by identifying all individual members of the LLC and demonstrating their citizenships is "scrupulous[ly] enforce[d]." *Platinum-Montaur*, 943 F.3d at 618–19. Indeed, the Second Circuit has acknowledged that this requirement "may make it more difficult" for LLCs "to sue or to be sued

in federal court under diversity jurisdiction." *Id.* at 619. But "that is the way Congress wants it" and it "is not up to the courts to amend the statute to increase the reach of federal jurisdiction." *Kenshoo, Inc. v. Aragon Advert., LLC*, 586 F. Supp. 3d 177, 181 (E.D.N.Y. 2022). Therefore, in order to establish diversity jurisdiction, the plaintiff "must identify each member of the LLC and properly plead each member's citizenship." *Id.* at 180; *see also Beristain v. 103 Ditmas LLC*, No. 25-cv-727, 2025 WL 524660, at *1 (E.D.N.Y. Feb. 18, 2025) (holding that this requirement is not excused by the fact that most "[p]ublic filings for LLCs generally do not disclose" who their members are).

Third, "[a]n individual's citizenship, within the meaning of the diversity statute, is determined by his domicile," or in other words, "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019).

With respect to an individual's citizenship, allegations of "residence alone [are] insufficient to establish domicile for jurisdictional purposes." *Id.* at 54; *accord RainMakers Partners LLC v. NewSpring Cap., LLC*, No. 23-cv-899, 2024 WL 1846321, at *2 n.1 (2d Cir. Apr. 29, 2024) ("[A] complaint that alleges that the plaintiff and defendant are merely residents of different states has failed adequately to allege the existence of diversity jurisdiction."). In order to determine an individual's domicile, courts consider numerous factors, which include:

> current residence; voting registration; driver's license and automobile registration; location of brokerage and bank accounts; membership in fraternal organizations, churches, and other associations; places of employment or business; . . . payment of taxes; . . . whether a person owns or rents his place of residence; the nature of the residence (i.e., how permanent the living arrangement appears); . . . and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc.

*Lever v. Lyons*, No. 16-cv-5130, 2021 WL 302648, at *7 (E.D.N.Y. Jan. 28, 2021) (citations omitted); *see also Lawrence Moskowitz CLU Ltd. v. ALP, Inc.*, 830 F. App'x 50, 51 (2d Cir.

2020) ("[T]he determination of domicile considers factors such as voting, taxes, property, bank accounts, places of business or employment.") (citation omitted).

Fourth, allegations made "upon information and belief" are insufficient to establish a party's citizenship for purposes of establishing diversity. *See Snyder Corp. v. Fitness Ridge Worldwide*, LLC, No. 18-cv-351, 2018 WL 1428254, at *2 (W.D.N.Y. Mar. 22, 2018) (establishment of diversity requires affirmative statements of the identity and citizenship of all parties, and conclusory statements upon information and belief are insufficient); *see also Enteado v. HiPower Cycles, LLC*, No. 16-cv-996, 2016 U.S. Dist. LEXIS 28880, at *2 (D.N.J. Mar. 6, 2016) (holding that "allegations made 'upon information and belief,' are insufficient to convince the Court that diversity exists between the parties") (citation omitted).

The second requirement of diversity jurisdiction—an amount in controversy of at least $75,000—is equally important. "[A] plaintiff invoking federal [diversity] jurisdiction must demonstrate a 'reasonable probability' that the amount-in-controversy requirement is satisfied." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 223 (2d Cir. 2017) (citation omitted). The Second Circuit "recognize[s] a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Id.* The amount in controversy alleged must be plausible, *i.e.*, supported by factual allegations in the complaint. *Wood v. Maguire Automotive, LLC*, 508 F. App'x 65, 65 (2d Cir. 2013) (affirming dismissal of complaint for lack of subject matter jurisdiction where the complaint's allegation "of $75,000 in controversy is conclusory and not entitled to a presumption of truth").

**DISCUSSION**

The Amended Complaint invokes jurisdiction under 28 U.S.C. § 1332 but has not shown that there is complete diversity of the parties as required by the statute. (Am. Compl. ¶ 9.) While the amount-in-controversy requirement is satisfied, Plaintiffs have

not established the citizenship of Defendant Lead Safe Mama, LLC such that this Court can conclude that there is complete diversity between the parties.

## I. Amount-in-Controversy Requirement

As a threshold matter, the Amended Complaint "demonstrate[s] a 'reasonable probability'" that the amount-in-controversy requirement is met. *Pyskaty*, 856 F.3d at 223. The action entails a contractual dispute involving $90,000 in value. (Am. Compl. ¶¶ 1, 14.) Based on these allegations, there is a "plausible" showing that there is at least $75,000 in controversy as required for jurisdiction under 28 U.S.C. § 1332. *Pyskaty*, 856 F.3d at 223.

## II. Complete Diversity Between Parties

### a. Plaintiffs' Citizenships

First, the citizenships of Ritter and Spirochaete are established. Regarding Ritter, the Amended Complaint states:

> Plaintiff Eric Ritter is a natural person domiciled at 5 Woodridge Lane, Coram, New York 11727, in Suffolk County. He is registered to vote in New York, holds a New York driver's license, files and pays New York State income tax, maintains his primary bank and brokerage accounts in New York, uses physicians and professional advisors in New York, and intends to remain in New York indefinitely.

(Am. Compl. ¶ 5.) Accordingly, because Ritter is domiciled in New York, he is a New York citizen. *Lever*, 2021 WL 302648, at *7 (setting forth factors courts consider to determine domicile including residence, employment, physicians, voter registration, and more).

With respect to Spirochaete, the Amended Complaint alleges:

> Spirochaete Research Labs, LLC is a New York limited liability company (New York Department of State ID 4972914). . . Its sole member is Eric Ritter, a citizen of New York. On January 23, 2026, Spirochaete was, and it remains, a citizen of the State of New York and of no other State.

(Am. Compl. ¶ 6.) Spirochaete's Corporate Disclosure Statement supports this assertion. (*See* Corporate Disclosure Statement ¶ 7, ECF No. 23 ("The sole member of Spirochaete Research

Labs, LLC, now and on January 23, 2026, is Eric Ritter, a natural person domiciled in and a citizen of the State of New York. No other individual or entity holds a membership interest in Spirochaete Research Labs, LLC.").) Because Spirochaete has only one member, Ritter, and Ritter is domiciled in New York, Spirochaete is a citizen of New York as well. *See Carter*, 822 F.3d at 60 ("[T]he citizenship of a limited liability company is determined by the citizenship of each of its members."). Accordingly, Plaintiffs have established that they are both New York citizens.

b. <u>Defendants' Citizenships</u>

Plaintiffs have also established the citizenship of Defendant Tamara Rubin. The Amended Complaint alleges:

> Defendant Tamara Rubin is a natural person domiciled at 7933 Southeast 15th Avenue, Portland, Oregon 97202, in Multnomah County. She has resided in Portland for many years; conducts her business and advocacy from Oregon; signed filings with the Oregon Secretary of State identifying that Portland address in each year from 2018 through 2026; and filed her own lawsuit against these Plaintiffs in Multnomah County, Oregon, as a resident of that county. Her international travel during 2023 and 2024 was temporary, and she maintained her Portland residence, business registrations, and Oregon filings throughout. On January 23, 2026, she was, and she remains, a citizen of the State of Oregon and of no other State. *See Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53-54 (2d Cir. 2019).

(Am. Compl. ¶ 7.) Because the Amended Complaint alleges that Rubin resides and conducts her business in Oregon, she is a citizen of Oregon. *Lawrence Moskowitz CLU Ltd.*, 830 F. App'x at 51 ("[T]he determination of domicile considers factors such as voting, taxes, property, bank accounts, places of business or employment.")

However, Plaintiffs have failed to establish the citizenship of Lead Safe Mama, LLC. The Amended Complaint alleges that Lead Safe Mama, LLC's "sole member is Tamara Rubin, a citizen of Oregon, *and no filing in the company's history has identified any other member*." (Am.

Compl. ¶ 8) (emphasis added.) Relying on an Oregon Secretary of State Amended Annual Report, which was e-filed on January 10, 2026, the Amended Complaint alleges that the filing "identifies Rubin as the sole manager and registered agent and is electronically signed by her, subject to the statutory attestation that no manager, member, or agent has been fraudulently concealed." (*Id.*) However, the document on which the Amended Complaint relies does not, on its face, require that every single member of the LLC sign. (Am. Compl., Exhibit Q, ECF No. 17-17.) It offers signature lines only for a registered agent and a manager. (*Id.*) The form's attestation requires that the signatory "does not fraudulently conceal, fraudulently obscure, fraudulently alter or otherwise misrepresent the identity of the person or any officers, managers, members or agents of the limited liability company on behalf of which the person signs." (*Id.*) However, this attestation does not explicitly require the listing of every member of the LLC. Further, the Amended Complaint alleges that "Rubin's son Alexander appeared as a co-manager from January 2020 until his removal effective the January 2, 2025 filing; managers are not members, and he has not appeared since" but cites no supporting evidence for these contentions. (Am. Compl. ¶ 8.)

Accordingly, Plaintiffs fail to establish that Tamara Rubin is the sole member of Lead Safe Mama, LLC such that the latter is also solely a citizen of Oregon. *Platinum-Montaur*, 943 F.3d at 618–19 (The requirement to establish the citizenship of a limited liability company ("LLC") by identifying all individual members of the LLC and demonstrating their citizenships is "scrupulous[ly] enforce[d]."); *Kenshoo, Inc.*, 586 F. Supp. 3d at 181. Therefore, Plaintiffs have not established Lead Safe Mama LLC's citizenship or shown that there is complete diversity of the parties.

## CONCLUSION

For the reasons set forth above, Plaintiffs must show cause by **August 24, 2026** in writing, with all material facts established by sworn affidavit, why this Court should not dismiss this action for lack of subject matter jurisdiction, without prejudice to refiling in the proper forum. If Plaintiffs do not respond by **August 24, 2026**, or if the response does not show that the Court has subject matter jurisdiction over this action, the Complaint will be dismissed for lack of subject matter jurisdiction.

Dated: Central Islip, New York
August 10, 2026

*/s/ Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge