ADWAR IVKO

Armando Llorens
Email: *armando@adwarivko.com*

September 1, 2026

VIA ECF
Hon. Nusrat J. Choudhury
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

**Re:** *Eric Ritter and Spirochaete Research Labs, LLC v. Tamara Rubin and Lead Safe Mama, LLC*, No. 2:26-cv-00414 (NJC) (ST)

Dear Judge Choudhury:

Defendants Tamara Rubin and Lead Safe Mama, LLC respectfully request a pre-motion conference concerning their anticipated motion to dismiss the First Amended Complaint ("FAC") under Rules 12(b)(1) and 12(b)(6). This Court previously held, after an order to show cause and a further submission by Plaintiffs, that Plaintiffs had not established Lead Safe Mama's membership and citizenship and therefore had not carried their burden to establish diversity jurisdiction. Ritter v. Rubin, No. 2:25-cv-02124, ECF No. 24 at 5-9 (E.D.N.Y. Dec. 9, 2025) (the "Prior Order"). Plaintiffs did not appeal. They instead commenced this second action and augmented the same jurisdictional theory with materials that existed during the predecessor proceeding. Although the Court has now invited and received a further evidentiary submission, ECF Nos. 25 and 27, Plaintiffs cannot avoid the final prior determination merely by presenting additional support for the same facts and contentions they previously litigated.

**The prior jurisdictional determination and the present pleading.**

The two complaints involve the same parties, contracts, payments, and alleged nonperformance. Compare No. 2:25-cv-02124, ECF No. 1 ¶¶ 1-55, with FAC ¶¶ 1-79. In 2025, Defendants completed Part II of the Rule 7.1 form, which expressly directed them to name every individual or entity whose citizenship was attributed to each party and advised that an LLC possesses the citizenship of each member. Defendants certified that "DEFENDANTS are citizens of the State of Oregon and domiciled in the State of Oregon." No. 2:25-cv-02124, ECF No. 22. Rubin was the only individual Defendant. Read in context, the disclosure represented that Rubin and Lead Safe Mama were Oregon citizens and that no additional person or entity with separately attributable citizenship existed. The present description of Rubin as the "sole member" makes explicit the same jurisdictional fact represented in 2025; it does not introduce a newly arising fact.

The FAC adds the words "sole member," but expressly pleads that conclusion "upon information and belief" and derives it from the same categories previously rejected: Rubin organized and named the company, serves as manager and registered agent, signs Oregon filings, and exercises control. FAC ¶ 8. The August 10 Order again held those allegations insufficient because the annual-report form does not identify every member and management does not establish membership. ECF No. 25 at 6-7. The further assertion that no other person ever held an interest is a conclusion drawn from silence in public filings, even though this Court already held that public filings generally do not disclose LLC membership. Prior Order at 7. The augmented pleading therefore does not present a materially different jurisdictional issue.

**The unappealed ruling has preclusive force as to the jurisdictional issue actually decided.**

Whether the Prior Order correctly evaluated the Rule 7.1 disclosure is no longer the question. Plaintiffs' remedy from an allegedly erroneous ruling was an appeal, not a second action seeking a different result on an expanded presentation of the same facts. An unappealed judgment retains its preclusive force even when alleged to be erroneous. Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). Law-of-the-case principles require adherence to issues resolved at an earlier stage of the same litigation. United States v. Quintieri, 306 F.3d 1217, 1225 (2d Cir. 2002). And because Plaintiffs assigned a new docket number to this continuation of the same controversy, issue preclusion independently forecloses relitigation: although a jurisdictional dismissal is not a merits adjudication, it "precludes re-litigation of the issue it decided." Stengel v. Black, 486 F. App'x 181, 183 (2d Cir. 2012); see also Phoenix Light SF Ltd. v. Bank of N.Y. Mellon, 66 F.4th 365, 373-74 (2d Cir. 2023). The jurisdictional issue was actually litigated, necessary to the judgment, and decided after Plaintiffs received notice of the precise deficiencies and an opportunity to submit affidavits and request discovery. Prior Order at 1, 4-9.

Plaintiffs' response to the present Order to Show Cause does not identify a newly arising jurisdictional fact. ECF No. 27. The IRS notice on which they principally rely dates from 2018 and establishes, at most, Rubin's status when the EIN was issued; it does not establish the complete membership on January 23, 2026. References to Rubin as "Owner" establish an ownership interest but do not exclude other members. Plaintiffs' own evidence that Alexander Rubin was described as a "co-owner" or "silent partner" underscores the unresolved issue. His later removal as a manager proves no termination of a membership interest because, as Plaintiffs concede, management and membership are distinct. None of this postdates the predecessor litigation or supplies the operating agreement, membership ledger, tax records for the operative date, or sworn testimony of a person with personal knowledge of the company's complete membership.

Nor does the parties' July 2026 Rule 26(f) report alter the result. Its statement that Rubin is the sole member particularizes the same position Defendants disclosed in 2025: Lead Safe Mama is exclusively an Oregon citizen. Parties cannot create subject-matter jurisdiction by consent, stipulation, waiver, or counsel's characterization. Platinum-Montaur, 943 F.3d at 618 n.4. The statement is not newly discovered evidence of a changed membership structure and cannot relieve Plaintiffs of the burden the Prior Order imposed and decided.

**The FAC independently fails to establish diversity jurisdiction.**

Plaintiffs bear the burden of establishing subject-matter jurisdiction and the Court may resolve a factual Rule 12(b)(1) challenge by considering evidence outside the pleading. See Platinum-Montaur Life Sciences, LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 617-19 (2d Cir. 2019). An LLC has the citizenship of every member, and the party invoking jurisdiction must identify each member and establish each member's citizenship. Carter v. HealthPort Technologies, LLC, 822 F.3d 47, 60 (2d Cir. 2016). Conclusory allegations concerning an LLC's citizenship do not suffice. Id.; Kenshoo, Inc. v. Aragon Advertising, LLC, 586 F. Supp. 3d 177, 180-81 (E.D.N.Y. 2022).

Even apart from preclusion, the response does not establish complete membership on the operative date by competent evidence. Ritter lacks personal knowledge of Lead Safe Mama's internal ownership records. Historical documents and public statements prove Rubin was an owner, but not that she was the only member in January 2026. And Plaintiffs cannot satisfy their burden merely by arguing that no evidence shows another member was a New York citizen; they must affirmatively identify every member and establish each member's citizenship. Carter, 822 F.3d at 60; Kenshoo, 586 F. Supp. 3d at 180-81. The action should therefore be dismissed under Rules 12(b)(1) and 12(h)(3).

**The substantive counts also warrant dismissal or narrowing.**

If the Court reaches Rule 12(b)(6), Defendants intend to argue, among other points, that: (1) the fraud claim impermissibly duplicates the contract claim because the alleged representation that Defendants could and would repay concerns performance of the same refund obligation and seeks the same $85,000; (2) the FAC does not plead a particularized, actionable omission, a duty to disclose, justifiable reliance, or non-speculative facts showing fraudulent intent when the contract was made; (3) unjust enrichment is unavailable to the extent express contracts govern the same payments; (4) the declaratory-judgment count duplicates the contract claims and serves no independent purpose; (5) the FAC does not plead a contractual basis for imposing individual liability on Rubin where the written agreements are alleged to be with Lead Safe Mama; and (6) punitive damages are unavailable on this private contract dispute absent a legally sufficient independent tort and conduct directed at the public generally. See, e.g., Clark-Fitzpatrick, Inc. v. Long Island R.R. Co., 70 N.Y.2d 382, 388-89 (1987); New York Univ. v. Continental Insurance Co., 87 N.Y.2d 308, 315-16 (1995); Rocanova v. Equitable Life Assurance Society, 83 N.Y.2d 603, 613 (1994). Defendants will address each count and the governing contract language fully in their motion.

**Requested relief.**

Defendants respectfully request a pre-motion conference and leave to move to dismiss the FAC. Because the Court has already received Plaintiffs' response to the August 10 Order, Defendants also request leave to submit a short reply addressing preclusion and the insufficiency of the historical materials on which Plaintiffs rely. Defendants reserve all defenses under Rules 12(b), 12(h), and otherwise.

Respectfully submitted,
ADWAR IVKO, LLC

/Armando Llorens/
ARMANDO LLORENS for the Firm
*armando@adwarivko.com*